UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY L. SMITH, both individually and as trustee for the TERRY L. SMITH AND LOUISE A. SMITH FAMILY REVOCABLE LIVING TRUST; LOUISE A. SMITH, both individually and as trustee for the TERRY L. SMITH AND LOUISE A. SMITH FAMILY REVOCABLE LIVING TRUST; BLUE BEAR COMPANY; HSBC BANK NEVADA, N.A.; and JEFFERSON COUNTY<br><br>Defendants. | CASE NO. C11-5101 RJB<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AGAINST TERRY L. SMITH and LOUISE A. SMITH, both individually and as trustees for the TERRY L. SMITH AND LOUISE A.SMITH FAMILY REVOCABLE LIVING TRUST AND AGAINST THE TERRY L. SMITH AND LOUISE A.SMITH FAMILY REVOCABLE LIVING TRUST |

This matter comes before the Court on motion of the United States for summary judgment against Terry L. Smith that reduces his tax liabilities from the 1999-2004 tax years to judgment and forecloses the United States' tax liens against the properties at issue in this suit. Dkt. 70. The United States also moves for summary judgment or default judgment against

Louise A. Smith and against the Terry L. Smith and Louise A. Smith Family Revocable Living Trust. *Id.* The United States asks that the tax liens against the properties at issue be foreclosed against the community property of Mr. and Mrs. Smith. *Id.* The United States also asks that the Living Trust be deemed to be the alter-ego and/or nominee of Mr. Smith and that the transfers of the properties at issue to the Living Trust be set aside as fraudulent transfers under Washington Law. *Id.*

Although Mr. Smith has filed numerous documents and pleadings with the Court, he and the other Defendants have failed to file an Answer to the Complaint and have failed to admit or deny the specific allegations contained in the United States' Complaint. The Defendants have also failed to file any responsive pleadings to the present motion for summary judgment.

The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

## INTRODUCTION AND BACKGROUND

Terry L. Smith failed to file proper tax returns for the 1999-2004 tax years, and, as a result, duly authorized delegates of the Secretary of the Treasury conducted examinations and calculated deficiencies for those years. Dkt. 70-5 pp. 2-38. For the 1999 and 2001 tax years, Mr. Smith challenged the IRS' Notice of Deficiency in the United States Tax Court. Mr. Smith admitted to not filing any returns, asserting that his income was not taxable and he was not required to file returns. Dkt. 70-4 pp. 16-19. The Tax Court entered an oral ruling, followed by a written Order of Dismissal and Decision, which dismissed Mr. Smith's challenge and decided Mr. Smith's tax liability, along with associated penalties, for the 1999 and 2001 tax years. Dkt. 70-4 pp. 27-45. The Tax Court also imposed a penalty against Mr. Smith pursuant to 26 U.S.C.

§ 6673(a)(1) for making frivolous arguments. *Id*. Mr. Smith appealed to the Ninth Circuit, and the Ninth Circuit affirmed the Tax Court. Dkt. 70-4 pp. 48-50.

Mr. Smith's challenge to the Notice of Deficiency he received for the 2002 tax year was also dismissed. The Tax Court entered an order deciding his tax liability, along with associated penalties, for the 2002 tax year and also imposed a penalty under 26 U.S.C. § 6673(a)(1) for making frivolous arguments. Dkt. 70-4 pp. 52-54.

For the remaining tax years, Mr. Smith did not challenge the notices of deficiency that were sent to him and assessments were made against him after the period to challenge the deficiencies expired. Dkt. 70-5 pp. 2-38.

Due to previous court orders and Mr. Smith's failure to properly respond to the United States Requests for Admissions and this motion for summary judgment, the following facts, among others, concerning Mr. Smith's tax liabilities are deemed admitted: (1) Mr. Smith received income in each of the taxable years at issue in this suit; (2) Mr. Smith failed to file a tax return for each of the years at issue in this suit; (3) Mr. Smith received notices of deficiencies from the IRS for each of the tax years at issue in this suit; (4) Mr. Smith is liable to the United States for the tax liabilities as alleged in the United States' Complaint; and (5) Mr. Smith has failed to pay his tax liabilities in full for the tax years at issue in this suit.

The property upon which the United States seeks to foreclose its liens is a sailboat owned by the Smiths and two parcels of real property. The two parcels are vacant and unimproved and are not the primary residence of the Smiths. Dkt. 70-2 pp. 39-40, 69-70. Although the parcels are titled under the name of the Living Trust, the Smiths did not receive any consideration in return for transferring Parcel A to the Living Trust and used personal funds to pay for the purchase of Parcel B. Dkt. 70-2 pp. 46, 78-79. The Smiths purchased both parcels, use both

parcels, and pay the property taxes, insurance, and other costs of both parcels. Dkt. 70-2 pp. 38-40, 46-47, 67-68, 70-72.

Mr. Smith purchased the boat Mystera in 1981. Dkt. 70-2 pp. 74-75. Since the late 1980s, the Smiths have used the boat for their personal recreational use. Dkt. 70-2 pp. 76. Mr. Smith pays the expenses associated with maintaining the boat. Dkt 70-2 pp. 78. Mr. Smith transferred title of the boat to the Living Trust without receiving any consideration in return. Dkt. 70-2 pp. 78.

Both parcels of real property and the Mystera have liens recorded against them in the name of a purported entity called the "Blue Bear Company." The purported Blue Bear Company was named as a Defendant under 26 U.S.C. § 7403(b) because it may have an interest in the subject property. Dkt. 46. Default judgment was entered against Blue Bear Company on May 2, 2012, extinguishing any claim that Blue Bear Company has to the subject property or sale proceeds upon foreclosure of the tax liens and sale of the property. Dk. 73.

All of the transfers of title of the Subject Properties to the Living Trust occurred after the tax liabilities at issue began to accrue. Parcel A was transferred to the Living Trust on August 19, 2005. Parcel B was purchased by the Smiths and titled in the name of the Living Trust on April 9, 2002. The Mystera sailboat was transferred to the Living Trust on December 5, 2001. Dkt. 70-3

Because Mr. Smith failed to respond to the United States Requests for Admissions and failed to file a response to this motion for summary judgment, the following facts, among others, concerning the subject properties are deemed admitted: (1) The Living Trust is the alter-ego of Mr. Smith; (2) The Living Trust holds title to the Subject Properties as the nominee of Mr. Smith; (3) The Subject Properties were transferred to the Living Trust with the actual intent to

hinder, delay, or defraud the United States; (4) Mr. Smith placed the Blue Bear Company liens upon the Subject Properties with the actual intent to hinder, delay, or defraud the United States; and (5) The Blue Bear Company has no independent legal existence.

The United States initiated this action by filing its Complaint on February 3, 2011. Dkt. 1. The Complaint seeks to reduce tax assessments against Terry L. Smith to judgment and to foreclose federal tax liens upon real property. Dkt. 1. Terry L. Smith, Louise A. Smith, and the Living Trust were served on or about February 10, 2011. Dkt. 11-14. An Amended Complaint was filed on October 4, 2011, naming Blue Bear Company as a named Defendant. Dkt. 44.

In response to this suit, Mr. Smith has filed numerous documents with the Court and at least three separate motions to dismiss.[1] See Dkt. 49, 59 and 75. These motions were denied as "simply the byproduct of tax defier rhetoric." Dkt. 49 pp. 4; Dkt. 59 pp. 4; Dkt. 75 pp. 2.

The United States presently moves for summary judgment.

**SUMMARY JUDGMENT STANDARDS**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F .3d 1148, 1154 (9th Cir. 2001).

---

[1] Pending before the Court is Defendants' Motion for Rule 60 Injunctive Relief. Dkt. 76. This motion has no basis in law or fact and is frivolous. The motion is **DENIED**.

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); see also *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (CD. Cal. 2001).

In order to successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *Id.*, at 252.

Defendants have failed to respond to the motion for summary judgment. Local Rule CR 7(b)(2) requires each party opposing a motion to file a response. The rule states, in relevant part that "[i]f a party fails to file the papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Although it is within the Court's

discretion to view Defendants' failure to respond as acquiescence to the granting of the motion, the Court will review the motion on its merits to ensure entry of judgment is appropriate.

## FEDERAL TAX LIABILITIES

**Terry L. Smith**

The United States bears the initial burden of proof in an action to collect taxes. *Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997); *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). The United States' burden can be met by the presentation of federal tax assessments. *Palmer*, at 1312; *United States v. Cowan*, 535 F. Supp.2d 1135, 1143 (D. Haw. 2008). A presumption of correctness attaches to the government's tax assessment, and introduction of the assessment establishes a prima facie case. *Stonehill*, at 1293; *Cowan*, at 1143. The presumption arises when it is substantiated by a minimal evidentiary foundation. The government's proffer of some substantive evidence that the taxpayer received unreported income is sufficient. *Id*. A certificate of Assessments and Payments, or Form 4340, is admissible, highly probative evidence demonstrating that notices and assessments were properly made. *Cowan*, at 1143; *Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993); *Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992).

The United States has met its initial burden, meeting the applicable standard by submitting affidavits consisting of the Form 4340 Certificates of Assessments and Payments generated and signed by an authorized delegate of the Secretary of the Treasury. The submission of these documents by the United States adequately evidences the tax liabilities for the designated years. In this case, for each of the tax years, Mr. Smith has also admitted to receiving income and the Tax Court entered judgment against him for tax years 1999, 2001, and 2002.

As a matter of law, the United States has provided evidence satisfying its burden for summary judgment. See *Stonehill*, 702 F.2d at 1293. If the taxpayer fails to rebut the presumption, the government is entitled to judgment as a matter of law. See *Adams v. United States*, 358 F.2d 986, 994 (Ct. Cl. 1966); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). In this case, Mr. Smith has not denied that he received income but has instead used a variety of often rejected tax defier rhetoric to deny his tax liability. Mr. Smith has made no relevant arguments against the validity of the tax debt nor has he provided any competent or relevant evidence to rebut the presumption of correctness of the Form 4340s.

The same is true regarding the Mr. Smith's responses to discovery. No material issues of fact have been raised in the submitted materials asserting a tax defier theory. Simply stated, Mr. Smith has put forth no credible evidence that contests the validity and accuracy of the government's assessments. Because the tax defier challenge has no merit and because Defendants have offered no evidence contesting the validity or correctness of the government's assessments, there exists no issue of material fact preventing entry of judgment in favor of the government. Consequently, the court will enter judgment against the Defendants for federal tax assessments made against Mr. Smith for the 1999-2004 tax year.

The United States has submitted account transcripts and a declaration from an IRS Revenue Officer establishing the current amount owing as of April 12, 2012, with the addition statutory additions and interest and taking into account any credits for payments. Dkt. 70-9. As such, the United States is entitled to an entry of judgment in its favor on the amount of $626,814.32 for Mr. Smith's outstanding tax liability for the 1999-2004 tax years.

**Liens on the Subject Property and the Living Trust**

Pursuant to 26 U.S.C. § 7403, once it is established that the United States has liens upon certain property, the United States may foreclose those liens, sell the property, and apply the proceeds toward the tax liens at issue. See *United States v. Rodgers*, 461 U.S. 677, 693-94 (1983). The United States has satisfied its burden to establish that taxes were assessed against Mr. Smith for the 1999-2004 tax years. Accordingly, under 26 U.S.C. §§ 6321 and 6322, on the dates of assessment, liens in favor of the United States arose and attached to all property and rights to property, whether real or personal, belonging to Mr. Smith.

On December 21, 2007, a Notice of Federal Tax Lien was filed with the County Auditor of Jefferson County that listed the 1999-2004 tax years. Dkt. 70-8 pp. 2. On December 19, 2008, A Notice of Federal Tax Lien in the name of Terry L. Smith & Louise A. Smith, Trustees for the Terry L. Smith and Louise A. Smith Family Revocable Living Trust, was filed with the Jefferson County Auditor and listed the 1999-2004 tax liabilities of Mr. Smith. Dkt. 70-8 pp. 4-5. The United States also filed several Notices of Federal Tax Liens with the Washington State Department of Licensing. Dkt. 70-8 pp. 7-26.

Mr. Smith has an interest in the Subject Properties. Although Parcel A, Parcel B, and the Mystera sailboat are titled under the name of the Living Trust, the Living Trust holds the property in name only and the transfer to the Living Trust was fraudulent.

The terms "property" and "rights to property" for the purposes of 26 U.S.C. § 6321 include "not only the property and rights to property owned by the delinquent taxpayer, but also property held by a third party if it is determined that the third party is holding the property as a nominee or alter ego of the delinquent taxpayer." *Spotts v. United States*, 429 F.3d 248, 251 (6th Cir. 2005). See also G.M. Leasing Corp. v. United States, 429 U.S. 338, 350-51 (1977). "A

nominee is one who holds bare legal title to property for the benefit of another." *Scoville v. United States*, 250 F.3d 1198, 1202 (8th Cir. 2001). Whether a person or entity holds property as a nominee of a taxpayer is determined by the degree to which a party exercises control over an entity and its assets. *United States v. Bell*, 27 F. Supp. 2d 1191, 1195 (E.D. Cal. 1998).

In determining whether an entity is a nominee of a taxpayer, courts look to the law of the forum state. District courts in Washington have considered the following factors in determining whether an entity is a nominee of a taxpayer: (1) Whether the nominee paid no or inadequate consideration paid by the nominee; (2) Whether the property was placed in the name of the nominee in anticipation of litigation or liabilities; (3) Whether there is a close relationship between the transferor and the nominee; (4) Whether the parties to the transfer failed to record the conveyance; (5) Whether the transferor retained possession; and (6) Whether the transferor continues to enjoy the benefits of the transferred property. *United States v. Black*, 725 F. Supp. 2d 1279, 1291-92 (E.D. Wash 2010); *Sharp Management*, LLC, 2007 WL 1367698, at * 3 (W.D. Wash. 2007).

The factors to be considered in determining whether an entity is an alter-ego of a taxpayer are similar to the nominee factors. See *Sharp Management*, LLC, 2007 WL 1367698, at * 3 (W.D. Wash. 2007).

The Terry L. Smith and Louise A. Smith Family Revocable Living Trust (Living Trust) is the alter-ego/nominee of Mr. Smith. Mr. Smith admitted that he is the owner of Parcel A, Parcel B, and the Mystera Sailboat. Mr. Smith admitted that he uses the subject properties, does not allow anyone other than his wife to use the subject properties, and personally pays the expenses associated with the subject properties.

Further, Mr. Smith created the Living Trust around 2005, which is after Mr. Smith failed to file and pay his income taxes for the 1999-2005 tax years. The subject properties were transferred to the Living Trust without any consideration in return. Mr. and Mrs. Smith are the trustees of the Living Trust. The Living Trust is essentially a nonentity. The Living Trust is an alter-ego and/or nominee of Mr. Smith.

In addition, the transfers of the Subject Properties may be voided as fraudulent transfers under Washington law. Under the Uniform Fraudulent Transfer Act, a transfer may be fraudulent if the transfer was made by a debtor with actual intent to hinder, delay, or defraud a creditor. RCW 19.40.041(a)(1); *Clearwater v. Skyline Constr. Co., Inc*., 67 Wn. App. 305, 320 (1992). A transfer may also be constructively fraudulent if it was made without adequate consideration. RCW 19.40.041(a)(2); *Clearwater*, at 320. The United States can show actual intent to defraud when a taxpayer stops filing tax returns, creates a trust that is under the control of the taxpayer, transfers property into the trust, and retains full control and possession of the property after the transfer. See *United States v. Black*, 725 F. Supp. 2d 1279, 1291-92 (E.D. Wash. 2010). Under Washington Law, the transfers of the subject properties to the Living Trust were fraudulent and are subject to being set aside.

The United States is entitled to a judgment foreclosing those tax liens, selling the subject property, and distributing the proceeds, first to the costs of the sale, and then to the parties according to their relative priorities.

**Liens on the Marital Community**

The United States seeks to enforce its liens against both Mr. and Mrs. Smith's marital community interest in the subject properties. The United States is also entitled to summary judgment in its favor against Mrs. Smith. Mr. Smith's tax liabilities arose during Mr. and Mrs.

Smith's marriage. Under Washington Law, there is a presumption that all debts of each spouse that are acquired during the marriage attach to the marital community as a whole. *American President Lines, Ltd. v. Pederson*, 2009 WL 2164408, at * 3 (W.D. Wash. 2009); *Warren v. Washington Trust Bank*, 19 Wash. App. 348, 360 (1978)). One spouse's tax liabilities are presumed to be community debts if they are incurred during marriage. *Reid v. United States*, 2001 WL 260056 at * 6 (W.D. Wash. 2001). The burden is on the denying spouse to show that the incurred debt is not a community debt." *Pederson*, 2009 WL 2164408 at *3. That burden may only be overcome by clear and convincing evidence. *Reid*, 2001 WL 260056 at * 6.

Mrs. Smith has not appeared in this action and has provided no evidence or any other information to rebut the presumption. In addition, Mrs. Smith failed to respond to the United States' Requests for Admissions and this motion for summary judgment.

The United States is entitled to judgment against Mrs. Smith. The tax liens are enforceable against the marital community interest in the subject properties and Mrs. Smith is not entitled to any portion of the proceeds of the sale of the subject properties until the United States' tax liens are satisfied.

**Judgment against the Living Trust**

The United States requests that Summary Judgment be entered against the Terry L. Smith and Louise A. Smith Family Revocable Living Trust. The Living Trust was named as a Defendant solely because it was the title holder of the Subject Properties. The Living Trust has never filed a responsive document or otherwise filed an appearance in this case. The Living Trust has also failed to comply with any of the United States' discovery requests or the Court's order compelling it to respond to the United States' discovery requests. Further, the Living Trust

failed to respond to the United States' Requests for Admissions and the motion for summary judgment.

The United States is entitled to judgment against the Living Trust. The Living trust has no interest in the subject properties or in the proceeds of any sale of the subject properties.

**CONCLUSION**

Therefore, it is hereby **ORDERED**:

The Motion for Summary Judgment against Terry L. Smith and Louise A. Smith, both individually and as Trustees of the Living Trust (Dkt. 70) is **GRANTED**.

1. Judgment is entered in favor of the United States and against Mr. Terry L. Smith in the amount of $626,814.32 as of April 26, 2012, which represents the unpaid balance of the federal income tax liabilities assessed against Mr. Smith together with accrued but unassessed interest and other statutory additions, together with statutory interest and other additions accruing thereafter;

2. The United States has valid and subsisting federal tax liens on all property and rights to property of Mr. Smith as well as the marital community of Mr. Terry L. and Mrs. Louise A. Smith;

3. Mrs. Smith has no independent right to any proceeds from the sale of the Subject Properties;

4. The Living Trust is the alter-ego/nominee of Mr. Smith and the marital community of Mr. and Mrs. Smith and that the transfers of the Subject Properties were fraudulent and of no effect to the lien claims of the United States;

5. The United States' tax liens encumbering the Subject Properties are foreclosed and that the Subject Properties shall be sold pursuant to 26 U.S.C. § 7403 and 28 U.S.C. §

2001, and that the net proceeds be applied toward the satisfaction of the federal tax liens;

6. Once every named defendant's interest in the Subject Properties is resolved in this case, the United States will submit an order of Sale of the Subject Properties for Court approval.

7. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of June, 2012.

ROBERT J. BRYAN
United States District Judge